**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EARL C. VOILES, III,
ANTHONY MAXWELL,
GEORGE PUGA,
PHILLIP GALLEGOS,

      Plaintiffs,

v.

                                    No. Civ. 14-428 JCH/KK
                                    No. Civ. 14-440 JCH/KK
                                    No. Civ. 14-441 JCH/KK
                                    No. Civ. 14-442 JCH/KK

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; and
STATE OF NEW MEXICO LAW ENFORCEMENT ACADEMY; and
GORDEN E. EDEN, JR. (Former Cabinet Secretary, Department of Public Safety),
in his individual and official capacity; and
PATRICK MOONEY (Deputy Cabinet Secretary, Department of Public Safety),
in his individual and official capacity; and
LOUIS MEDINA (Director of New Mexico Law Enforcement Academy),
in his individual capacity and official capacity; and
JACK JONES (Deputy Director of New Mexico Law Enforcement Academy),
in his individual and official capacity; and
MARK SHEA (Advanced Bureau Chief at New Mexico Law Enforcement Academy),
in his individual and official capacity; and
WILLIAM HUBBARD (Interim Director of New Mexico Law Enforcement Academy),

      Defendants.

**<u>ORDER OF CONSOLIDATION</u>**

      Defendants State of New Mexico Department of Public Safety, State of New Mexico

Law Enforcement Academy, Jack Jones, and Mark Shea (collectively, "Defendants") filed a

Motion to Consolidate Case (ECF No. 46), seeking to consolidate with this case (hereinafter "the

Voiles I case") the case of *Voiles v. New Mexico Department of Public Safety, et al.*, No. Civ. 14-

1087 JB/SCY (hereinafter "the Voiles II case").  This Court, having considered the motion,

briefs, pleadings, relevant law, and otherwise being fully advised, concludes that Defendants'
motion to consolidate should be granted and the Voiles II case will be consolidated with the
instant case.

## I.        BACKGROUND

On April 6, 2014, Plaintiff Earl C. Voiles, III, filed the Voiles I case against the State of
New Mexico Department of Public Safety ("DPS"), State of New Mexico Law Enforcement
Academy (the "Academy"), Gorden E. Eden, Patrick Mooney, Louis Medina, Jack Jones, Mark
Shea, and William Hubbard.  Compl., ECF No. 1 at 5 of 49.  The defendants removed the case to
this Court and the case was eventually assigned to the undersigned Judge.  *See* Notice of
Removal, ECF No. 1.  On May 30, 2014, the Court filed an Order on Unopposed Motion to
Consolidate Cases, consolidating with the Voiles I case the cases of *Puga v. New Mexico Dep't
of Public Safety, et al.*, No. Civ. 14-440 SCY-KBM; *Gallegos v. New Mexico Dep't of Public
Safety, et al.*, No. Civ. 14-441 SCY-KBM; and *Maxwell v. New Mexico Dep't of Public Safety, et
al.*, No. Civ. 14-442 SCY-KBM.  *See* Order 2, ECF No. 16.  Plaintiffs, through their counsel
Joseph E. Campbell, filed a Consolidated Complaint for Damages on October 3, 2014. *See*
Consolidated Compl., ECF No. 25.

In the Voiles I case, Plaintiff Voiles asserts claims for negligence and whistleblower
retaliation (Counts 1-3 and 12), violation of due process (Count 11), conspiracy to retaliate in
violation of the Whistleblower Protection Act (Count 13), deprivation of the constitutional rights
of freedom of speech and association (Count 14), intentional infliction of emotional distress
(Count 15), and negligent hiring, training and supervision of Defendants Eden, Mooney, Medina,
Jones, and Shea (Count 16). *See* Voiles I Consolidated Compl. 4-42, ECF No. 25. These claims

generally stem from complaints Plaintiff Voiles, and the other named plaintiffs, made to Defendants about the poor conditions in the dormitory and cafeteria, problems with the Academy curriculum being dangerously out of date, and discrepancies found in the inventories of Academy property, including equipment, vehicles, supplies, and firearms. *See id.* ¶¶ 14-130. Plaintiff Voiles claims that he suffered various acts of retaliation for reporting all these issues, including being threatened with the loss of his job, having privileges and benefits taken away, having statutory due process rights violated, and having his constitutional rights violated. *See id.* ¶¶ 41-47, 71, 93-99, 121-30. In addition, Plaintiff Voiles alleges in Count 12 in the Voiles I case that he was retaliated against for making an EEOC complaint arising from his treatment after receiving a back injury at work. *See id.* ¶¶ 237-57.

On October 14, 2014, Plaintiff Voiles filed the Voiles II case in state court against DPS, the Academy, Jack Jones, and Mark Shea, all of whom are also defendants in the Voiles I case. *Compare* Voiles II Compl. ¶¶ 3-6, ECF No. 46-1, *with* Voiles I Consolidated Compl. ¶¶ 6-7, 11-12. Plaintiff asserts three causes of action in the Voiles II case related to the facts surrounding his back injury: violation of the Americans with Disabilities Act of 1990 (Count 1); negligent hiring, training, and supervision of Jack Jones, Mark Shea, and Human Resources Manager Swooboda against DPS and the Academy (Count 2); and retaliation for filing his EEOC disability discrimination complaint (Count 3). *See* Voiles II Compl. ¶¶ 24-40, ECF No. 46-1. On January 6, 2015, Defendants filed a Motion to Consolidate the Voiles I and Voiles II cases (ECF No. 46).

## II.    STANDARD

"If actions before the court involve a common question of law or fact, the court may" consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays.  Fed. R. Civ. P. 42(a).  Whether to grant a

motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.  *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).  The party moving for consolidation bears the burden of proving that consolidation is desirable.  *Id*.

## III.   ANALYSIS

The factual allegations concerning Plaintiff's back injury in the Voiles II case are virtually identical to the facts alleged in the Voiles I case. Plaintiff Voiles alleges in both Voiles I and in Voiles II that on April 16, 2013, he sustained a work related injury to his back and was placed on worker's compensation.  *Compare* Voiles I Consolidated Compl. ¶ 238, ECF No. 25, *with* Voiles II Compl. ¶ 11, ECF No. 46-1.  He contends that he returned to work on July 1, 2013, on limited duty status with a restriction on his physical duties, including a limitation on running, but on July 10, 2013, Defendant Shea informed him that unless he returned to "full duty" and did a 1 ½ mile run, he would not be considered part of the team. *Compare* Voiles I Consolidated Compl. ¶¶ 241-42, ECF No. 25, *with* Voiles II Compl. ¶¶ 12-13, ECF No. 46-1. Plaintiff Voiles asserts that for the remainder of July 2013, Defendant Jones required him to perform physical training, including a daily 1 ½ miles run, in contradiction of his light duty restriction, and that Defendant Jones belittled and berated him for being unable to perform the runs. *Compare* Voiles I Consolidated Compl. ¶¶ 243-44, ECF No. 25, *with* Voiles II Compl. ¶¶ 14-15, ECF No. 46-1. Plaintiff Voiles claims that when he reported the daily runs to Human Resources Manager Swooboda, she told him that the daily run was "occasionally" as stated in his

light duty restrictions, and no other reasonable accommodations were made for him. *Compare* Voiles I Compl. ¶ 245, ECF No. 25, *with* Voiles II Compl. ¶ 16, ECF No. 46-1.

Plaintiff Voiles alleges in both the Voiles I and Voiles II cases that on July 31, 2013, as a result of the daily run, he reinjured his back and was again placed on worker's compensation. *Compare* Voiles I Consolidated Compl. ¶ 246, ECF No. 25, *with* Voiles II Compl. ¶ 17, ECF No. 46-1. He states that on September 24, 2013, he filed an EEOC complaint against DPS for violation of the Americans with Disabilities Act of 1990 ("ADA"), and that subsequently, DPS ceased paying his worker's compensation payments. *Compare* Voiles I Consolidated Compl. ¶¶ 247-48, ECF No. 25, *with* Voiles II Compl. ¶¶ 18-19, ECF No. 46-1. Plaintiff alleges that on November 27, 2013, he filed a complaint with the New Mexico Worker's Compensation Administration ("WCA") concerning the stoppage of his worker's compensation payments; that on January 8, 2014, a WCA mediator recommended his worker's compensation payments be reinstated from the date of interruption; and that on April 4, 2013, his payments were reinstated 22 weeks after non-payment. *Compare* Voiles I Consolidated Compl. ¶¶ 249-51, ECF NO. 25, *with* Voiles II Compl. ¶¶ 20-22, ECF No. 46-1.

Consolidation in this case is appropriate because both the Voiles I and Voiles II cases involve common questions of law and fact. Discovery is not yet complete, so there would be no delay caused by consolidation. Nor does the Court find that any of the plaintiffs would be prejudiced by having the jury in the Voiles I case also determine in the same trial whether the facts surrounding Plaintiff Voiles' back injury amount to one or more of the three additional torts alleged in the Voiles II case. The interests of judicial economy in consolidating the cases greatly outweigh any delay, confusion, or prejudice that may occur. Therefore, the Court will grant Defendants' motion to consolidate.

**IT IS THEREFORE ORDERED** that

1.      Defendants' Motion to Consolidate (**ECF No. 46**) is **GRANTED**.

2.      The case of *Voiles v. New Mexico Department of Public Safety, et al.*, No. Civ. 14-1087 JB/SCY, is hereby consolidated with this case, 14-0428 JCH/KK, and the caption of this case shall be amended to reflect consolidation.

3.      The Clerk of the Court is directed to reassign the case of *Voiles v. New Mexico Department of Public Safety, et al.*, No. Civ. 14-1087 JB/SCY, to the undersigned judge.

4.      No further pleadings shall be filed in *Voiles v. New Mexico Department of Public Safety, et al.*, No. Civ. 14-1087 JB/SCY and all future filings must be made in this case.


_____
**UNITED STATES DISTRICT JUDGE**